THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENT SHERMAN CRUMP,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [22] MOTION FOR COMPASSIONATE RELEASE PURSUANT TO § 3582(c)(1)(A)**<br><br>Case No. 2:20-cr-325-DBB<br><br>District Judge David Barlow |

This matter is before the court on Defendant's pro se Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A).[1] Defendant requests that the court allow him to serve the remainder of his sentence in home confinement due to the heightened risk of contracting COVID-19 in prison. He asserts that his medical conditions place him at increased risk for severe illness or death from COVID-19. The United States has filed an opposition[2] to defendant's motion and defendant has replied.[3] Two victims also filed statements in opposition.[4]

## DISCUSSION

On September 21, 2020, defendant was charged by felony information with one count of wire fraud.[5] Defendant subsequently pleaded guilty and, on December 15, 2020, was sentenced

---

[1] ECF No. 22.

[2] ECF No. 26.

[3] ECF No. 31.

[4] ECF No. 27-3 (sealed).

[5] ECF No. 1. Defendant subsequently waived indictment. ECF No. 8.

to 18 months of incarceration to be followed by 36 months of supervised release.[6] He was also ordered to pay restitution of $217,289.41.[7] Defendant filed his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) on July 26, 2021.[8]

Before the enactment of the First Step Act in 2018, only the Director of the Bureau of Prisons (BOP) could file a motion to reduce a federal prisoner's sentence under § 3582(c)(1)(A).[9] Since then, however, prisoners may file such motions on their own behalf if they have exhausted the administrative procedures for requesting that the BOP do so for them.[10] Specifically, prisoners may move for compassionate release directly in district court if: (1) they have fully exhausted all administrative rights to appeal the BOP's decision not to bring the requested motion, or (2) 30 days have passed since their request for a motion was received by the warden of their facility, whichever occurs first.[11] If this administrative exhaustion requirement has been satisfied, district courts may grant a prisoner's motion if, after considering the factors in 18 U.S.C. § 3553(a) to the extent that they are applicable, (1) "extraordinary and compelling reasons warrant such a reduction" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[12]

The parties disagree, as a threshold matter, whether defendant exhausted his administrative remedies before filing his motion. Defendant asserts that he satisfied § 3582(c)(1)(A)'s exhaustion

---

[6] ECF Nos. 15.

[7] *Id.*

[8] ECF No. 22.

[9] *See United States v. Maumau*, 993 F.3d 821, 826 (10th Cir. 2021).

[10] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Johnson*, 849 F. App'x 750, 753 (10th Cir. 2021) (unpublished) ("[Section] 3582(c)(1)(A)'s exhaustion requirement is mandatory, rather than judicially waivable.").

[11] 18 U.S.C. § 3582(c)(1)(A).

[12] *Id.*; *Maumau*, 993 F.3d at 831.

requirement because he submitted a request for compassionate release to the BOP and filed his motion with this court only after 30 days passed without a response.[13] According to the United States, however, defendant never submitted such a request.[14]

Based on the facts before the court, Defendant failed to satisfy § 3582(c)(1)(A)'s administrative exhaustion requirement. Defendant has provided no evidence that he ever submitted a request for compassionate release to the BOP, and the United States has provided evidence that the BOP never received one.[15] Further, Defendant has not even stated *when* he submitted such a request. Without such information, the court has no basis for determining that Defendant satisfied § 3582(c)(1)(A)'s requirement that he wait at least 30 days before filing a motion on his own, as he states that he did. Therefore, Defendant's motion must be denied.[16]

However, even if Defendant had exhausted his administrative remedies, his motion would still be denied because he has not met his burden of establishing that he is entitled to relief under § 3582(c)(1)(A).[17] Defendant has conceded that this court does not have the authority to grant the relief he seeks, home confinement for the remainder of his sentence.[18] And the court

---

[13] ECF No. 22 at 8.

[14] ECF No. 26 at 2.

[15] ECF No. 27-1 at 92 (sealed).

[16] *See United States v. Springer*, 820 F. App'x 788, 791–92 (10th Cir. 2020) (unpublished) (affirming district court's denial of the defendant's motion for compassionate release because the defendant never submitted a request for compassionate release to the BOP).

[17] "As the movant, defendant bears the burden of establishing that he is eligible for the requested sentence reduction." *United States v. London*, No. 1:13-CR-00012-DBB, 2021 WL 794456, at *2 (D. Utah Mar. 2, 2021).

[18] ECF No. 31 at 3.

agrees that a motion under § 3582(c)(1)(A) is not the appropriate mechanism for seeking such relief.[19]

Additionally, even if defendant had sought a form of relief the court could provide pursuant to § 3582(c)(1)(A), he has not shown extraordinary and compelling reasons warranting such relief. Defendant claims that his age, 60, and medical conditions—hypertension, enlarged prostate, and acid reflux—place him at a high risk for severe illness or death from COVID-19.[20] While it is well known at this point that two of these factors, his age and hypertension, increase the risk of severe illness from COVID-19 generally, defendant has not shown that he faces any particularly significant risks. Defendant's medical conditions appear to be well controlled, and he has received the COVID-19 vaccine.[21] Additionally cases of COVID-19 at Florence FCI, where defendant is currently incarcerated, appear to be under control.[22] Defendant has made no specific arguments to the contrary.

The court is sympathetic to defendant's fears regarding COVID-19 and the current nation-wide surge of the Delta variant of the virus that causes it. But on the facts of this case, Defendant's fears do not establish the required extraordinary and compelling reason to provide relief under § 3582(c)(1)(A).

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A) is DENIED.

---

[19] *See Springer*, 820 F. App'x at 790 & n.5 (explaining that placement by the BOP in home confinement is not the same as a reduction to a term of imprisonment under § 3582(c)(1)(A), as it does not actually reduce a prisoner's term of imprisonment).

[20] ECF No. 22 at 13–24.

[21] ECF No. 27-1 at 22, 48, 60, 65.

[22] ECF No. 30 at 4.

Signed September 16, 2021.

BY THE COURT

_____
David Barlow
United States District Judge