THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENT SHERMAN CRUMP,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [39] DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Case No. 2:20-cr-00325-DBB-JCB<br><br>District Judge David Barlow |

This matter is before the court on Defendant Kent Sherman Crump's Motion for Early Termination of Supervised Release.[1] The government has not responded to the Motion. For the reasons discussed below, the Court denies the Motion.

Defendant was convicted of Wire Fraud under 18 U.S.C. § 1343 and sentenced to a term of imprisonment of 18 months to be followed by 36 months of supervised release. Defendant's regularly scheduled supervision expiration date is January 18, 2025. In his Motion, Defendant states that he has been compliant with the terms of his supervised release, including securing employment, making monthly restitution payments, and following the requirements of supervision without incident. He submits that he is ready to be released from supervision. Consultation with Defendant's supervising officer confirms that Defendant has made positive adjustments to supervision. 18 U.S.C. § 3583(e) permits the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is (1) warranted by

---

[1] ECF No. 39, filed May 30, 2024.

the conduct of an offender and (2) is in the interest of justice. In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

Considering these factors, the Court finds that termination of Defendant's supervised release is not appropriate at this time. While the Court commends Defendant on his progress, the Court believes that the continuation of supervision is needed. The nature of the crime was a serious and significant misappropriation of a large amount of money. While Mr. Crump had no prior criminal record, this fraud went on for several years to create a lifestyle beyond his means. Continuing supervision at this time will further deter him from any future crime, sends the right general deterrence message, will promote his full rehabilitation, and additionally promotes respect for the law and a just punishment for the offense. It is therefore ORDERED that Defendant's Motion for Early Termination of Supervised Release is DENIED without prejudice.

DATED this 9th day of July, 2024.

BY THE COURT:

_____
David Barlow
United States District Judge